## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRYAN CLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:25-cv-01853 (UNA) |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This matter is before the court on its initial review Plaintiff's *pro se* Complaint, ECF No. 1, his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2, and his Motion for Preliminary Injunction ("Mot."), ECF No. 3.  The Court grants Plaintiff's IFP Application and, for the reasons explained below, it denies Plaintiff's Motion for Preliminary Injunction, and dismisses this matter without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

At the outset, the Court notes that Plaintiff has failed to provide an address or any contact information apart from his email address, thus contravening D.C. Local Civil Rule 5.1(c)(1), (g). *See* Compl. at 1.  The allegations themselves fare no better. "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, Plaintiff sues the District of Columbia, its Mayor and its Attorney General, and the D.C. Health Department, Public Library, and Metropolitan Police Department.  *See* Compl. at 3–

4.  He alleges that he is a victim of conspiracy involving stalking and multiple attempts to murder

him, including "numerous occasions" when unnamed bad actors alleged tried to poison him and

intentionally contaminate his food.  *See id.* at 7.  He demands $630 million in damages. *Id.* at 8.

     The Court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans*

*v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the

federal courts are without power to entertain claims otherwise within their jurisdiction if they are

'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport*

*Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010

(D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the

plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from

uncertain origins.").  A court may dismiss a complaint as frivolous "when the facts alleged rise to

the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992),

or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.

The instant Complaint satisfies this standard.

     Plaintiff has also filed a Motion for Preliminary Injunction, in which broadly alleges that

he has been stalked, harassed, and assaulted by unnamed District of Columbia "personnel," and he

demands protection from the United States Marshals Service, *see id*. at 1.  Notably, "[t]he standard

for issuance of the extraordinary and drastic remedy" of an injunction "is very high . . . and by

now very well established."  *RCM Techs., Inc. v. Beacon Hill Staffing Grp., LLC*, 502 F. Supp. 2d

70, 72–3 (D.D.C. 2007) (internal quotation marks and citation omitted).  Such remedy should not

be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v.*

*Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis in original) (citation omitted).  The

Court considers the same factors as to a request for a temporary restraining order or a permanent

injunction. *See, e.g., Price v. U.S. Dep't of Justice*, No. 18-CV-1339, 2019 WL 2526439, at *3 (D.D.C. June 19, 2019) (quoting *Morgan Stanley DW Inc. v. Rothe*, 150 F. Supp. 2d 67, 72 (D.D.C. 2001)). The consideration factors are: "(1) the movant's showing of a substantial likelihood of success on the merits, (2) irreparable harm to the movant, (3) substantial harm to the nonmovant, and (4) public interest." *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009) (citation omitted).  Ordinarily a preliminary injunction "preserve[s] the status quo pending the resolution of the underlying litigation." *Abdullah v. Bush*, 945 F. Supp. 2d 64, 67 (D.D.C. 2013) (citations omitted), *aff'd sub nom. Abdullah v. Obama*, 753 F.3d 193 (D.C. Cir. 2014).  Plaintiff fails to address any these factors, with perhaps the exception of alleged irreparable harm, *see* Mot. at 1, let alone meet them, falling well short of the steep burden.  Furthermore, the issuance of an injunction may issue "*only* on notice to the adverse party." Fed. R. Civ. P. 65(a)(1) (emphasis added).  Plaintiff has not indicated what efforts, if any, he has made to notify the Defendants.

Accordingly, his Motion for Preliminary Injunction is denied, and for the reasons stated herein, the Complaint and this case are dismissed without prejudice.  Plaintiff's Motion for CM/ECF Access, ECF No. 3, and his Motion for Accommodation, ECF No. 4, are both denied as moot.  A separate Order accompanies this Memorandum Opinion.

Date:  August 11, 2025

_____/s/_____
JIA M. COBB
United States District Judge